UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

KATHLEEN ALVAREZ,

    Plaintiff,

v.                                                    Case No:   2:15-cv-363-FtM-MRM

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

## OPINION AND ORDER

This cause comes before the Court on Plaintiff Kathleen Alvarez's Complaint (Doc. 1) filed on June 18, 2015.  Plaintiff seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying her claim for a period of disability and disability insurance benefits.  The Commissioner filed the Transcript of the proceedings (hereinafter referred to as "Tr." followed by the appropriate page number), and the parties filed legal memoranda in support of their positions.  For the reasons set out herein, the decision of the Commissioner is **REVERSED AND REMANDED** pursuant to § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

    I.    **Social Security Act Eligibility, the ALJ Decision, and Standard of Review**

        **A.  Eligibility**

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months.  42 U.S.C. §§ 416(i), 423(d)(1)(A); 20 C.F.R. §§ 404.1505.  The impairment must be severe, making the claimant unable to do her previous work, or any other substantial gainful

activity that exists in the national economy. 42 U.S.C. §§ 423(d)(2); 20 C.F.R. §§ 404.1505 - 404.1511.

### B. Procedural History

On November 4, 2011, Plaintiff filed an application for disability insurance benefits asserting an onset date of September 1, 2010. (Tr. at 167). Plaintiff's application was denied initially on February 28, 2012, and on reconsideration on June 26, 2012. (Tr. at 85, 98). A hearing was held before Administrative Law Judge ("ALJ") J. Dennis Reap on June 10, 2013. (Tr. at 42-73). The ALJ issued an unfavorable decision on August 26, 2013. (Tr. at 10-41). The ALJ found Plaintiff not to be under a disability from September 1, 2010, the alleged onset date, through June 30, 2013, the date last insured. (Tr. at 37).

On April 24, 2015, the Appeals Council denied Plaintiff's request for review. (Tr. at 1-6). Plaintiff filed a Complaint (Doc. 1) in this Court on June 18, 2015. Defendant filed an Answer (Doc. 15) on August 27, 2015. Both parties filed memoranda in support of their positions. (Docs. 19, 24, 25). The parties consented to proceed before a United States Magistrate Judge for all proceedings. (*See* Doc. 20). This case is ripe for review.

### C. Summary of the ALJ's Decision

An ALJ must follow a five-step sequential evaluation process to determine if a claimant has proven that she is disabled. *Packer v. Comm'r of Social Security*, 542 F. App'x 890, 891 (11th Cir. 2013) (citing *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999)).[1] An ALJ must determine whether the claimant: (1) is performing substantial gainful activity; (2) has a severe

---

[1] Unpublished opinions may be cited as persuasive on a particular point. The Court does not rely on unpublished opinions as precedent. Citation to unpublished opinions on or after January 1, 2007 is expressly permitted under Rule 31.1, Fed. R. App. P. Unpublished opinions may be cited as persuasive authority pursuant to the Eleventh Circuit Rules. 11th Cir. R. 36-2.

impairment; (3) has a severe impairment that meets or equals an impairment specifically listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) can perform past relevant work; and (5) can perform other work of the sort found in the national economy. *Packer*, 542 F. App'x at 891 (citing 20 C.F.R. § 404.1520; *Phillips v. Barnhart*, 357 F.3d 1232, 1237-40 (11th Cir. 2004)). The claimant has the burden of proof through step four and then the burden shifts to the Commissioner at step five. *Hines-Sharp v. Comm'r of Soc. Sec.*, 511 F. App'x 913, 915 n.2 (11th Cir. 2013).

The ALJ found that Plaintiff met the insured status requirements through June 30, 2013. (Tr. at 31). At step one of the sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful activity from her alleged onset date of September 1, 2010 through her date last insured of June 30, 2013. (Tr. at 31). At step two, the ALJ found that Plaintiff suffered from the following severe impairments: "cephalgia due to a combination of migraines, sinusitis, cervicogenic etiology, and medication overuse; mild cervical degenerative disc disease; a cognitive disorder not otherwise specified; and a post-traumatic stress disorder." (Tr. at 31). At step three, the ALJ determined that – from her alleged onset date of September 1, 2010 through her date last insured of June 30, 2013 – Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526). (Tr. at 32).

Next, the ALJ determined that – from her alleged onset date of September 1, 2010 through her date last insured of June 30, 2013 – Plaintiff had the residual functional capacity ("RFC") to perform:

> light work as defined in 20 CFR 404.1567(b) except sitting or standing every thirty minutes, for avoiding any exposures to hazards or temperature extremes, and for

>performing simple, routine, and repetitive work tasks; with occasional interaction with co-workers and supervisors and no interaction with the public.

(Tr. at 33).

At step four, the ALJ determined that Plaintiff could not perform her past relevant work as a "licensed practical nurse, being skilled, required a medium level of exertion" or a "sales clerk, being semiskilled, required a light level of exertion." (Tr. at 35). The ALJ stated that the vocational expert ("VE") "testified a person with the above residual functional capacity could not perform either of those occupations." (Tr. at 35).

At step five, considering Plaintiff's age, education, work experience, and RFC, the ALJ found that from September 1, 2010 to June 30, 2013, "jobs that the claimant could have performed existed in significant numbers in the national economy." (Tr. at 36). The VE testified that an individual with Plaintiff's age, education, work experience, and RFC would have been able to perform the requirements of representative occupations such as: "small products assembler with Dictionary of Occupational Titles (DOT) code 739.687-030 (4,025 jobs in the state of Florida and 234,410 jobs in the nation), buttoner with DOT code 782.687-014 (9,531 and 420,910), and stuffer with DOT code 780.687-046 (4,130 and 235,910)." (Tr. at 36). The ALJ determined that the VE's testimony was consistent with the information contained in the *Dictionary of Occupational Titles*. (Tr. at 41). Ultimately, the ALJ concluded that a finding of "not disabled" was appropriate and that Plaintiff was not under a disability from September 1, 2010 to June 30, 2013. (Tr. at 36-37).

### D. Standard of Review

The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standard, *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the findings are supported by substantial evidence, *Richardson v. Perales*, 402 U.S. 389, 390

(1971). The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla; *i.e.*, the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing *Richardson*, 402 U.S. at 401; *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982)).

Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as the finder of fact, and even if the reviewer finds that "the evidence preponderates against" the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560; *accord Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (holding that the court must scrutinize the entire record to determine reasonableness of factual findings).

**II. Analysis**

Plaintiff argues three issues on appeal:

1. The ALJ failed to consider Alvarez's VA impairment ratings.

2. The ALJ did not give appropriate weight to the opinion of Dr. Kibria.

3. The RFC should have included additional limitations to account for Alvarez's headaches.

(Doc. 29 at 16-24). The Court addresses each of these arguments in turn.

**A. Plaintiff's VA Impairment Ratings**

Plaintiff first argues that the ALJ failed to properly consider the disability ratings from the Department of Veterans' Affairs ("VA"). Plaintiff relies on *Rodriguez v. Schweiker*, 640

5

F.2d 682 (5th Cir. 1981)² and SSR 06-03p, 2006 WL 2329939, at *7 (S.S.A. Aug. 9, 2006). Specifically, Plaintiff argues that the Court in *Rodriguez* held that "[a] VA rating is certainly not binding on the [Commissioner], but it is evidence that should be considered and is entitled to great weight." (Doc. 19 at 16 (citing *Rodriguez*, 640 F.2d at 686)). Further, Plaintiff argues that the ALJ failed to closely scrutinize the VA's disability rating as required by SSR 06-03p. (Doc. 19 at 19 (citing 2006 WL 2329939, at *7)).

Plaintiff contends that "the ALJ did not offer any cogent reasons for rejecting the VA's decision" and that "[i]n fact, the ALJ did not even mention the impairment ratings or the finding of unemployability in his decision." (Doc. 19 at 17). Plaintiff further contests the ALJ's conclusion that "Nurse Ryan's evaluation was unpersuasive because the evidence showed that Alvarez was able to go to school and to care for her young children." (*Id.* at 18 (citing Tr. at 35)). Plaintiff argues that "college courses allow for more flexibility than a work environment in terms of setting one's schedule and taking breaks as needed and that "the record shows that Alvarez's children are now in school, and there is no evidence that it requires much physical exertion on her part to care for them." (*Id.* at 18-19 (citing Tr. at 47)). Thus, Plaintiff argues that "[t]hese activities do not show that Alvarez can handle light work on a full-time basis." (*Id.* at 19). Accordingly, Plaintiff asks that "the Court to remand this case so that the ALJ may address the VA's finding that Alvarez is unable to perform any substantial gainful activity." (*Id.*).

Defendant disagrees, arguing that substantial evidence supports the ALJ's decision that Plaintiff was not disabled. (Doc. 24 at 3). Specifically, while Defendant acknowledges that "the ALJ did not specifically cite the VA's disability rating," Defendant argues that the ALJ

---

² In *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit Court of Appeals adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

6

mentioned the rating twice in his decision. (*Id.* at 4-5 (citing Tr. at 24, 26)). Moreover, Defendant argues that the ALJ noted and discussed the findings of Nurse Ryan, which helped form the basis for the VA's rating. (*Id.* at 5 (citing Tr. at 23, 216-17, 386-415)). Additionally, Defendant points out that "the ALJ specifically noted that on September 20, 2011, Plaintiff spoke to Nurse Attardo about her request to increase her VA disability claim." (*Id.* (citing Tr. at 24, 962)). Thus, Defendant argues that "it is clear that the ALJ was aware of and considered the evidence of Plaintiff's VA rating in his decision about whether or not Plaintiff met Social Security's criteria for a finding that she was disabled." (*Id.* (citing Tr. at 24, 26)).

Defendant further argues that "[a]lthough the ALJ may not have discussed the VA rating as thoroughly as Plaintiff may have wished, the ALJ's decision reflects that he fulfilled his duty of considering the relevant evidence." (*Id.*). Moreover, Defendant argues that "[i]t is clear from the ALJ's decision that he did not agree with the VA's assessment that Plaintiff was disabled from all work." (*Id.* at 6). Additionally, Defendant argues that the ALJ's decision was based on a more complete record because he evaluated records that post-dated the VA's November 2011 rating. (*Id.* at 7).

Finally, Defendant argues that remanding this case "to have the ALJ further discuss the VA rating would serve no practical purpose, would not alter the ALJ's findings, and would be a waste of judicial and administrative resources." (Doc. 24 at 8 (citing *Graham v. Apfel*, 129 F.3d 1420, 1423 (11th Cir. 1997)). Defendant argues that "Plaintiff failed to show how the VA rating could possibly affect the substantial evidence supporting the ALJ's decision that Plaintiff was not disabled under the standards of the Social Security Act." (*Id.* at 9). Thus, Defendant argues that "Plaintiff failed to meet her burden of providing evidence to support his [sic] allegations of disabling pain and other symptoms." (*Id.*).

In evaluating this issue, the Court looks to the relevant case law. In *Rodriguez v. Schweiker*, the Court remanded the case, in part, because the ALJ did not closely scrutinize the VA's disability rating of the claimant. *See* 640 F.2d at 686. In *Rodriguez*, the claimant had a VA disability rating of 100 percent. *Id.* at 684. The Court noted that "[a] VA rating is certainly not binding on the Secretary, but it is evidence that should be considered and is entitled to great weight." *Id.* at 686 (citing *Epps v. Harris*, 624 F.2d 1267, 1274 (5th Cir. 1980); *DePaepe v. Richardson*, 464 F.2d 92, 98 (5th Cir. 1972)). The Court stated that "[a]lthough the ALJ mentioned the Veterans Administration disability rating on [the claimant], he obviously refused to give it much weight." *Id.* Thus, the Court held that "[a] VA rating of 100% disability should have been more closely scrutinized by the ALJ." *Id.*

Similarly, in *Burch-Mack v. Commissioner of Social Security*, this Court reversed and remanded an action when the ALJ failed to consider the VA's disability rating and accompanying rating decision. No. 8:15-cv-1167-T-JSS, 2016 WL 4087477, at *4 (M.D. Fla. Aug. 2, 2016) (Sneed, J.). The Court noted that "the ALJ did not offer any substantive reason for assigning the [VA] rating little weight other than to reject it as a non-binding disability determination that differs from the Commissioner's determination" despite the fact that "the ALJ must still consider the VA's disability rating and cannot reject it based on the mere fact that it is not binding." *Id.* (citing *Brady v. Heckler*, 724 F.2d 914, 921 (11th Cir. 1984) for the proposition that a VA's disability rating must be considered by the ALJ in making a disability determination). In *Burch-Mack*, the ALJ considered the conditions identified in the VA's rating – including PTSD, syncope, and migraine headaches – and the medical evidence submitted to the VA, but the ALJ did not specifically address the merits of the VA's disability rating. *Id.* As a result, the Court noted that "there is no indication that the ALJ considered the VA's rating

decision, which provides a detailed explanation of the reasons for the VA's disability rating." *Id.* at \*5. Thus, the Court stated that it could not "conclude that the ALJ considered the VA's disability rating in making a disability determination in this case." *Id.*

In the present case, the VA issued a Rating Decision on November 22, 2011. (Tr. at 212). The VA's Rating Decision states:

> 1. Entitlement to individual unemployability is granted effective May 17, 2011.
>
> 2. Evaluation of cognitive disorder with memory loss, anxiety and insomnia, status posttraumatic brain injury (TBI), which is currently 10 percent disabling, is increased to 50 percent effective May 17, 2011.
>
> 3. Evaluation of status post cervical injury in service and cervical muscle spasms (also claimed as cervical condition CS, C6, C7), which is currently 10 percent disabling, is increased to 20 percent effective May 17, 2011.
>
> 4. Evaluation of migraine headaches, which is currently 30 percent disabling, is continued.

(Tr. at 212-13). The total disability when combined equals 100 percent. Plaintiff argues this is a 100% disability rating by the VA. (*See* Doc. 19 at 9, 17). The Commissioner nowhere disputes this contention. The VA's Rating Decision also gives a detailed explanation of the reasons for the VA's disability rating. Nevertheless, the ALJ did not specifically address the VA's Rating Decision. In fact, the ALJ only mentioned the VA's Rating Decision twice *in passing* in his review of Plaintiff's medical history. (Tr. at 24, 26).

Because the ALJ did not discuss or consider the VA's Rating Decision in any meaningful respect, this case appears to be directly analogous to *Rodriguez* and *Burch-Mack*. Like the claimant in *Rodriguez*, Ms. Alvarez has a 100 percent disability rating. *See* 640 F.2d at 684. While a VA disability rating is not binding on the Commissioner, it is evidence that should be considered and entitled to great weight. *See id.*; *see also Brady*, 724 F.2d at 921. Thus, like

*Rodriguez*, a VA rating of 100 percent disability should have been more closely scrutinized by the ALJ.  *See* 640 F.2d at 686.

Moreover, like *Burch-Mack*, the VA's Rating Decision here provided a detailed explanation of the reasons for the VA's disability rating.  2016 WL 4087477, at *4.  In fact, the VA's Rating Decision specifically addresses Plaintiff's mental impairment, cervical injuries, and migraine headaches—each found to be severe by the ALJ.  (Tr. at 212-13).  Nevertheless, as in *Burch-Mack*, there is no indication here that the ALJ considered the VA's Rating Decision or that the ALJ specifically addressed the merits of the VA's disability rating of Plaintiff.  *See id.*  Accordingly, like *Burch-Mack*, the Court cannot conclude that the ALJ considered the VA's disability rating, as required, in making a disability determination in this case.  *See id.* at *4-5; *see also Brady*, 724 F.2d at 921.

Because the ALJ failed to consider the VA's disability rating in making a disability determination in this case, the Court reverses the Commissioner's decision and remands the case to the Commissioner to consider the VA's disability rating and accompanying Rating Decision.

### B. Plaintiff's Migraine Headaches

The Court next addresses Plaintiff's arguments as to her migraine headaches.  Plaintiff argues that "the RFC assessment does not sufficiently account for Alvarez's migraine headaches."  (Doc. 19 at 23).  Specifically, Plaintiff argues that "[t]he record does not support the ALJ's finding that the headaches significantly improved with treatment."  (*Id.* (citing Tr. at 23)).  In fact, Plaintiff states that Nurse Bishr noted a few months before the hearing that Plaintiff "had tried many different medications with no noticeable improvement."  (*Id.* (citing Tr. at 1200)).  Moreover, Plaintiff points to treatment notes showing that "she has one to two headaches per week, which last at least a day."  (*Id.* (citing Tr. at 578, 582, 607, 1044, 1076)).  Further, Plaintiff

10

states that "[t]he ALJ pointed out that Alvarez was discharged from the TBI clinic back in 2011" but she contends that "she was only discharged from the acute care program." (*Id.* (citing Tr. at 23)). Plaintiff states that "she repeatedly had to follow up with Dr. Villalba, and she continued to complain of biweekly headaches up through the time of the hearing." (*Id.* at 23-24 (citing Tr. at 1076)).

Plaintiff further argues that "[t]he record reflects that Alvarez's headaches cause additional functional limitations beyond those included in the RFC assessment." (*Id.* at 24). Specifically, Plaintiff states that "[t]he headaches cause severe pain as well as symptoms such as nausea and photophobia." (*Id.* (citing Tr. at 578, 1044)). Further, Plaintiff argues that "[w]henever they strike, she has to go and lie down in a dark room." (*Id.* (citing Tr. at 604)). Plaintiff argues that "[s]ince the headaches occur once or twice a week, can last up to a day, (see, e.g., Tr. 636-37), the ALJ should have noted in the RFC that Alvarez would miss at least four days of work per month." (*Id.*). Plaintiff notes that the VE testified that "a competitive employer would not tolerate such a high number of absences, so the record compels a finding that Alvarez's headaches are disabling." (*Id.* (citing Tr. at 71)). Accordingly, Plaintiff requests "the Court to remand this case so that the ALJ may re-evaluate how Alvarez's headaches affect her ability to work." (*Id.*).

Defendant disagrees, arguing that the ALJ properly determined Plaintiff's RFC. (Doc. 24 at 14). Defendant further argues that "Plaintiff fails to demonstrate that her migraine [sic] actually resulted in additional limitations not included in the ALJ RFC." (*Id.* at 15). Thus, Defendant argues that "[t]he ALJ's determination of Plaintiff's RFC was based on substantial evidence of record and Plaintiff failed to prove she was more limited." (*Id.* at 16).

In evaluating this issue, the Court notes that a claimant's RFC is the most that a claimant is able to do despite her physical and mental limitations. 20 C.F.R. § 404.1545(a)(1). Moreover, in determining whether Plaintiff can return to her past relevant work, the ALJ must determine Plaintiff's RFC using all of the relevant medical and other evidence in the record. *Phillips*, 357 F.3d at 1238-39; 20 C.F.R. § 404.1520(e). Nevertheless, as stated above, where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as the finder of fact, and even if the reviewer finds that "the evidence preponderates against" the Commissioner's decision. *Edwards*, 937 F.2d at 584 n.3; *Barnes*, 932 F.2d at 1358.

Upon consideration of the evidence presented in this case, the Court cannot conclude that the ALJ's RFC findings are based upon substantial evidence. For instance, the ALJ stated that "[r]egarding the claimant's cephalgia, the medical evidence demonstrates they improved with treatment" and that "on June 3, 2011, her TBI ID team discharged her from the TBI clinic." (Tr. at 34). The records cited by Plaintiff, however, show a different story. Plaintiff cites specific medical evidence of record *after* June 3, 2011 showing that Plaintiff continued to complain of migraine headaches once or twice a week lasting a day or two. (Doc. 19 at 23 (citing *e.g.*, Tr. at 578, 607, 1044)). Further, an additional medical record *after* June 3, 2011 notes that Plaintiff "had tried many different medications with no noticeable improvement." (*Id.* (citing Tr. at 1200)). Moreover, Plaintiff's contention that she was only discharged from the acute care program at the TBI clinic – not the entire program – and that she continued to follow up with Dr. Villalba appears to be supported by the record. (*Id.* (citing Tr. at 450)). Thus, it appears that the ALJ's findings as to Plaintiff's migraine headaches are not supported by substantial evidence.

Furthermore, while Defendant argues that "Plaintiff fails to demonstrate that her migraine actually resulted in additional limitations not included in the ALJ RFC," (Doc. 24 at 15), the Court finds that there is ample evidence of record to support Plaintiff's contentions that she had additional limitations not included in the RFC assessment. For instance, the medical records show that "nausea and photophobia" are associated with Plaintiff's headaches. (Doc. 19 at 23 (citing Tr. at 578, 1044)). Furthermore, Plaintiff cites specific medical evidence of record showing that she continued to complain of migraine headaches once or twice a week lasting a day or two. (*Id.* (citing Tr. at 578, 607, 1044)). The Court finds that these records support Plaintiff's contention that her migraine headaches affect her ability to work to a greater extent than is reflected in the RFC assessment.

In this instance, because Plaintiff has cited to significant medical evidence of record demonstrating that she may have additional limitations not included in the RFC assessment, the Court cannot conclude that the ALJ's decision is supported by substantial evidence. Accordingly, the Court reverses the Commissioner's decision and remands the case to the Commissioner to reconsider the medical evidence of record regarding Plaintiff's migraine headaches.

### C. Plaintiff's Remaining Argument as to Dr. Kibria

Because the Court has found that, upon remand, the ALJ must reconsider the medical evidence of record, which contains impairment evidence, and that evidence may impact the Court's analysis of other elements of the ALJ's Decision, the Court finds that any ruling on Plaintiff's remaining argument as to Dr. Kibria would be premature at this time.

### III. Conclusion

Upon consideration of the submissions of the parties and the administrative record, the Court finds that the decision of the ALJ is not supported by substantial evidence. Upon remand, the Commissioner should (1) consider the VA's disability rating and accompanying Rating Decision and (2) reconsider the medical evidence of record.

**IT IS HEREBY ORDERED:**

1) The decision of the Commissioner is **REVERSED and REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) for the Commissioner to consider the VA's disability rating and accompanying Rating Decision and to reconsider the medical evidence of record.

2) The Clerk of Court is directed to enter judgment accordingly, terminate any pending motions and deadlines, and close the file.

3) If Plaintiff prevails in this case on remand, Plaintiff must comply with the Order (Doc. 1) entered on November 14, 2012, in Misc. Case No. 6:12-mc-124-Orl-22.

**DONE AND ORDERED** in Fort Myers, Florida on September 7, 2016.

_____
MAC R. MCCOY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties